UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **In re CIM-SQ Transfer Cases** <br><br> **Re Case Nos**.: 22-cv-5126-JSW, *Mills v. Broomfield*; 22-cv-5349-TLT, *Coles v. Allison*; 22-cv-5477-JD, *Bryant, Jr. v. Davis*, 22-cv-5569-BLF, *Shabazz v. Broomfield*; 22-cv-07367-JD, *O'Neal v. Allison*; 22-cv-7442-JST, *Walker v. Allison*. | Case No.  22-mc-80066-WHO <br><br> **FIFTH ORDER TO SHOW CAUSE IN *PRO SE* CASES;** <br><br> **FINDING DEFENDANT KELSO IS ENTITLED TO QUASI-JUDICIAL IMMUNITY AND THAT FAILURE TO STATE A CLAIM ARGUMENTS LACK MERIT** |

## I.     INTRODUCTION

The *pro se* cases identified above have been assigned to me by the Chief Judge of the Northern District of California for the following limited purpose:

1.      Determining whether Clark Kelso has quasi-judicial immunity, and if not, some other defenses that he has raised such as whether he is a state actor who can be sued under section 1983;

2.      Determining whether the defendants have immunity under the Public Readiness And Emergency Preparedness (PREP) Act;

3.      Determining whether the defendants are entitled to qualified immunity as a matter of law at the motion to dismiss stage;

4.      Determining whether the complaints filed by unrepresented plaintiffs allege adequate detail to state a claim upon which relief can be granted.

*See* Dkt. Nos. 1 (Order of Limited Assignment), 7, 51 ("Assigned Issues").

## II. ASSIGNED ISSUES 2 AND 3: PREP ACT IMMUNITY AND QUALIFIED IMMUNITY

In an Order dated July 15, 2022 (Dkt. No. 59), I resolved Assigned Issues 2 and 3 in certain cases where plaintiffs were represented by counsel ("Represented Cases"), where the defendants had a full opportunity to file motions to dismiss and argue grounds for immunity, and where the plaintiffs had a full opportunity to respond. In that Order, I explained why – based on materially consistent pleadings and judicially noticeable facts – plaintiffs had adequately pleaded facts showing that neither PREP Act immunity nor qualified immunity precluded their claims at the motion to dismiss stage.[1]

Defendants in the *Pro Se* Cases identified above are now ORDERED TO SHOW CAUSE why the same conclusion should not be reached in the *Pro Se* Cases with respect to Assigned Issues 2 and 3.

Defendants may respond to this Order to Show Cause by filing a response on or before **May 12, 2023**, that simply incorporates their prior arguments on Assigned Issues 2 and 3, or that raises wholly new arguments on Assigned Issues 2 or 3 based on unique factual allegations made by a plaintiff in one of the cases identified above. It is not necessary for defendants to reassert the arguments they made in their prior motions to dismiss regarding Assigned Issues 2 and 3. I will consider those argument raised with respect to all *Pro Se* Cases.

If defendants file a substantive response on or before **May 12, 2023**, *Pro Se* Plaintiffs may file a response on or before **June 2, 2023** addressing only the issues raised by defendants. The matter will then be taken under submission and I will issue an order that is intended to resolve Assigned Issues 2 and 3 with respect to these *pro se* cases and to preserve the parties' ability to appeal the resolution of the Assigned Issues.

## III. ASSIGNED ISSUE 1: J. CLARK KELSO'S IMMUNITY

In most of the pro se cases covered by this Order, J. Clark Kelso is named as a defendant:

---

[1] I explicitly noted that any other issues that were raised or could have been raised in defendants' motion to dismiss with respect to individual plaintiffs were preserved and could be reasserted once the cases were returned to each underlying judge for further proceedings. July 15, 2022 Order at 3 n.5.

22-cv-5126-JSW, *Mills v. Broomfield*; 22-cv-5349-TLT, *Coles v. Allison*; 22-cv-5477-JD, *Shabazz v. Broomfield*; 22-cv-07367-JD, *O'Neal v. Allison*; and 22-cv-7442-JST, *Walker v. Allison*. With respect to Assigned Issue 1, I find that federal Receiver J. Clark Kelso has quasi-judicial immunity from suit and I intend to dismiss Kelso from the assigned cases with prejudice.

As background, on February 14, 2006, the Hon. Thelton E. Henderson appointed a receiver for the California prison medical care system in *Plata, et al. v. Schwarzenegger, et al.,* Case No. 01-1391 TEH (N.D. Cal.) (*Plata*). The receivership was later recognized by the Ninth Circuit as the "least intrusive means" to address the "constitutional deficiencies in prisoners' health care." *Plata v. Schwarzenegger*, 603 F.3d 1088, 1097 (9th Cir. 2010). In appointing the receiver, Judge Henderson ordered:

> The Receiver and his staff shall have the status of officers and agents of this Court, and as such shall be vested with the same immunities as vest with this Court.
>
> Additionally, Defendants shall indemnify the Receiver and members of his staff to the same extent as Defendants are obligated to indemnify the Secretary of the CDCR.

*Plata*, Docket No. 473 at 5-6.

On January 23, 2008, Judge Henderson appointed Kelso as the new receiver, conferring upon him "[a]ll powers, privileges, and responsibilities of the Receiver, as set forth in the Court's February 14, 2006 Order Appointing Receiver." *Id.* Docket No. 1063 at 5. The Ninth Circuit and district courts within it have consistently concluded that Kelso has quasi-judicial immunity and on that basis have dismissed or affirmed dismissal of claims against him based on the medical care plaintiffs received from CDCR. *See Patterson v. Kelso*, 698 F. App'x 393, 394 (9th Cir. 2017) ("Kelso is entitled to quasi-judicial immunity" with respect to negligence claim); *Casto v. Newsom*, No. 2:19-CV-2209-EFB, 2020 WL 3640474, at *3 (E.D. Cal. July 6, 2020) (finding Kelso immune because "receivers are court officers who share the immunity awarded to judges"); *Mwasi v. Corcoran State Prison*, No. 113CV00695DADJLTPC, 2016 WL 5210588, at *5 (E.D. Cal. May 20, 2016), *report and recommendation adopted sub nom. Mwasi v. Prison*, No. 113CV00695DADJLT, 2016 WL 5109461 (E.D. Cal. Sept. 19, 2016) (finding Kelso immune where no allegation that he acted outside of his "appointed judicial capacity" or "in the complete

3

absence of all jurisdiction"); *Griffin v. Kelso*, No. 2:10-CV-2525 MCE JFM, 2011 WL 3583457, at *4 (E.D. Cal. Aug. 15, 2011), subsequently aff'd on other grounds sub nom. *Griffin v. Bal*, 609 F. App'x 493 (9th Cir. 2015) (Kelso immune from claims regarding his "failure to ensure that plaintiff received adequate medical care"). Of particular relevance is a recent decision by the Hon. Charles R. Breyer in this District, where Kelso was dismissed from a case raising materially similar allegations as those made in these *Pro Se* Cases: there, plaintiff's estate brought federal and state claims based on the plaintiff's exposure to COVID-19 due to the transfer of prisoners from CIM to SQSP, and Kelso was dismissed based on quasi-judicial immunity. *Harris v. Allison*, No. 20-CV-09393-CRB, 2022 WL 2232526, at *1 (N.D. Cal. June 7, 2022).

This immunity is well-established. The specific decisions concerning Kelso's immunity follow others, arising in different contexts, that hold that judicially-appointed receivers are protected by quasi-judicial immunity. *See, e.g., Mullis v. U.S. Bankr. Ct. for Dist. of Nevada*, 828 F.2d 1385, 1390 (9th Cir. 1987) (*Mullis*) (bankruptcy "trustee or receiver derives his immunity from the judge who appointed him" with respect to constitutional claims); *New Alaska Dev. Corp. v. Guetschow*, 869 F.2d 1298, 1303 (9th Cir. 1989) (state court-appointed receivers entitled to absolute immunity).

There is no reason to depart from that authority with respect to the *Pro Se* Cases that name Kelso as a defendant to COVID-19 exposure claims due to the transfer of prisoners from CIM to SQSP. *Pro Se* Plaintiffs do not allege and, based on their other allegations, cannot allege that Kelso acted outside of his appointed capacity or in the complete absence of jurisdiction.

*Pro Se* Plaintiffs in 22-cv-2059-PJH, *Bolden v. Allison* and 22-cv-2617-HSG, *Ulep v. Allison* may file an objection to the Court's finding that Kelso has quasi-judicial immunity and must be dismissed from these cases by **May 19, 2023**. If no *pro se* plaintiff files an objection by March 1, Kelso will be DISMISSED from those cases with prejudice.

If any *pro se* plaintiffs file an objection on or before March 1, Kelso may file a response on or before **April 3, 2023**. I will then issue an order resolving the matter.

## IV.     ASSIGNED ISSUE 4: FAILURE TO STATE A CLAIM

In motions filed prior to the Order of Limited Assignment transferring these cases to me

4

for resolution of common issues, defendants argued that many of the *Pro Se* Plaintiffs failed to state a claim because they do not allege specific facts or details linking the transfer of prisoners from CIM to SQSP to their becoming ill. This Order rejects the arguments that defendants have made to date.[2]

To start, a complaint must contain "a cognizable legal theory" and "sufficient facts alleged" under that theory. *Godecke v. Kinetic Concepts, Inc.*, 937 F.3d 1201, 1208 (9th Cir. 2019). Whether a complaint contains sufficient factual allegations depends on whether it pleads enough facts to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). An Eighth Amendment claim requires allegations that defendants were deliberately indifferent to plaintiffs' objectively serious safety, medical needs, or prison conditions with a subjective awareness of the risk of such indifference. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994) (prison official is deliberately indifferent if he or she knows that prisoner faces substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it).

A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. When evaluating a motion to dismiss, the Court "must presume all factual allegations of the complaint to be true and draw all reasonable inferences in favor of the nonmoving party." *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). *Pro se* pleadings must be liberally construed, "particularly where civil rights claims are involved." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

I have identified several common arguments in defendants' previously-filed motions to dismiss based on failure to state a claim under Rule 12(b)(6). Generally, the *Pro Se* complaints covered by this Order adequately allege an Eighth Amendment claim as they alleged that, as a result of the prisoner transfer, they became ill with COVID-19. Contracting COVID-19 meets the

---

[2] My conclusion with respect to defendants' arguments is consistent with Judge Breyer's decision in *Hoisington v. Davis et al.*, 3:20-cv-07845-CRB, at Dkt. No. 56. There, a *pro se* complaint making similar allegations as the complaints covered by this Order was found to state a claim sufficient under Federal Rule of Civil Procedure 12(b)(6).

5

objective seriousness requirement. *See Helling v. McKinney*, 509 U.S. 25, 33, 34 (1993) ("the exposure of inmates to a serious, communicable disease," including by the "mingling of inmates with serious contagious diseases with other prison inmates," violates the Eighth Amendment). The claims against each named defendant will suffice when *Pro Se* Plaintiffs allege that each defendant made a decision in support of or facilitating the transfer or regarding the transfer protocols, or had knowledge of the flawed protocols, as a supervisor, and failed to take actions to mitigate the risk they presented.

*Pro Se* Plaintiffs need not allege facts demonstrating that defendants were aware of the risk to each of them specifically; it is enough to allege that defendants were aware of the risk to all San Quentin prisoners. *See, e.g., Parsons v. Ryan*, 754 F.3d 657, 678 (9th Cir. 2014) ("courts . . . have recognized that many inmates can simultaneously be endangered by a single policy"); *Graves v. Arpaio*, 623 F.3d 1043, 1050 (9th Cir. 2010) (defendant violated constitutional rights of jail detainees housed in high temperature locations and taking psychotropic medications impacting the body's ability to regulate heat, even though defendant was not specifically aware of which detainees were taking those medications).

In their prior motions to dismiss, defendants argued that *Pro Se* Plaintiffs fail to state a claim because there were intervening causes that break the chain of causation. This argument fails at the motion to dismiss stage. "[T]raditional tort law principles of causation" apply to section 1983 claims, *see Galen v. Cty. of Los Angeles*, 477 F.3d 652, 663 (9th Cir. 2007), including that intervening causes may supersede prior causes and subsume partial or total liability. *See* Restatement (Second) of Torts § 441 (1965). Plaintiffs need only generally allege that defendants caused their COVID infections. Determining the truth of the allegations as to each defendant's conduct and whether it contributed to or caused the conditions that resulted in Pro Se Plaintiffs' infections is a matter for discovery and perhaps ultimately trial. Factual questions regarding causation preclude granting the motion to dismiss. *See, e.g., Beck v. City of Upland*, 527 F.3d 853, 870 (9th Cir. 2008) (summary judgment not appropriate where a rational jury could determine that the prosecutor's conduct in filing charges was not an independent intervening cause to shield police officers from liability for false arrest).

6

1     *Pro Se* Plaintiffs are not required to specifically allege that they were housed with or came
2 into contact with transferred prisoners from CIM in order to survive a motion to dismiss based on
3 failure to state a claim.  The allegations that the transfer (including the transfer protocol and
4 testing as well as the type of housing provided upon arrival) caused an outbreak at SQSP where
5 there were no COVID cases prior to the transfer and that it impacted plaintiffs is adequate to
6 plausibly allege causation.

7     For example, *Pro Se* Plaintiffs Mills, Coles, Shabazz, and Walker have filed identical
8 complaints alleging that each defendant participated in the decision to implement the transfer, the
9 manner of implementation and transfer protocol, or the manner of housing transferred prisoners at
10 SQSP, causing the outbreak that led to these plaintiffs incurring numerous COVID-19 symptoms
11 and to Plaintiffs Mills and Shabazz testing positive for COVID-19 in July 2020.  *Mills v.*
12 *Broomfield*, 22-cv-5126-JSW, at Dkt. No. 1; *Coles v. Allison*, 22-cv-5349-TLT, at Dkt. No. 1;
13 *Shabazz v. Broomfield*, 22-cv-5569-BLF, at Dkt. No. 1; *Walker v. Allison*, 22-cv-7442-JST, at
14 Dkt. No. 1.  The other two *Pro Se* Cases covered by this Order and filed by *Pro Se* Plaintiffs
15 Bryant and O'Neal have complaints containing substantially similar allegations to the
16 aforementioned plaintiffs.  *Bryant, Jr. v. Davis*, 22-cv-5477-JD, at Dkt. No. 1; *O'Neal v. Allison*,
17 22-cv-07367-JD, at Dkt. No. 1.

18     In light of the analysis above, and in recognition of the *Pro Se* Plaintiffs' unrepresented
19 status requiring me to liberally construe their pleadings, defendants in the *Pro Se* Cases identified
20 above are HEREBY ORDERED TO SHOW CAUSE why my conclusion that the *Pro Se* Plaintiffs
21 covered by this Order have adequately stated their claims is mistaken.

22     Defendants shall file a response to this Order to Show Cause on or before **May 12, 2023**,
23 that (1) simply relies on and incorporates by reference their prior arguments raised in the
24 individual case dockets on Assigned Issue 4, (2) raises wholly new arguments on Assigned Issue 4
25 based on unique factual allegations made by a plaintiff in one of the cases identified above, or
26 (3) identifies a complaint, among the listed cases to which this Order is applicable, that they
27 believe fails to state a claim according to my analysis above.  It is not necessary for defendants to
28 reassert the arguments they made in their prior motions to dismiss and discussed above regarding

1  Assigned Issue 4.  I will consider those arguments raised with respect to all *Pro Se* Cases.

2  If defendants file a substantive response on or before **May 12, 2023**, *pro se* plaintiffs may

3  file a response addressing only the issues raised by defendants on or before **June 2, 2023**.  The

4  matter will then be taken under submission and I will issue an order that is intended to resolve

5  Assigned Issue 4 with respect to these additional *pro se* cases and to preserve the parties' ability to

6  appeal the resolution of the Assigned Issues.

**IT IS SO ORDERED.**

Dated: April 25, 2023

_____
William H. Orrick
United States District Judge